IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LARON V. COLE, # 125588, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:24-cv-01178 |
| JUDGE D. GAY, *et al.*, | ) ) | Judge Richardson |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff LaRon Cole, who is currently in the custody of the Sumner County Jail in Gallatin, Tennessee, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). As explained below, the Complaint will be dismissed for failure to state a claim upon which relief may be granted.

### I. FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a).

By Order entered on November 21, 2024, the Court informed Plaintiff that this case could not proceed without further action on his part. (Doc. No. 7). Specifically, Plaintiff sought pauper status (*see* Doc. No. 2) but had not submitted a certified copy of his inmate trust fund account statement. Plaintiff has since filed several letters and a declaration under penalty of perjury detailing his unsuccessful attempts to obtain this document from officials at the Sumner County Jail. (Doc. Nos. 8, 10, 12, 13, 14, 15, 16, 17). It appears that Plaintiff has attempted to comply with

the Court's instructions and has been unable to do so for reasons outside of his control. The Court finds that, under these specific circumstances, Plaintiff has made a good faith effort to obtain pauper status with proper documentation. His IFP Application (Doc. No. 2) will therefore be granted. *See Miles v. Dickson Cnty. Sheriff's Office*, No. 3:23-cv-00259, 2023 WL 3168585, at *1 (M.D. Tenn. Apr. 28, 2023) (granting IFP Application when Plaintiff asserted multiple attempts to obtain trust fund account statement from jail officials).

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the

account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Sumner County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. SCREENING THE COMPLAINT

### A. PLRA Screening Standard

The Amended Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the

plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Factual Allegations and Claims**

Plaintiff names four Defendants: (1) Judge D. Gay; (2) District Attorney Andrea Green; (3) Hendersonville Drug Task Force; and (4) Sumner County Jail.

Plaintiff alleges that he has been "fighting a case . . . in Sumner County for quite some time." (Doc. No. 1 at 1). He was scheduled for trial in January 2024, but he missed a trial date in December 2023, which caused a warrant to be issued for his arrest and delayed his trial. (*Id.*) He alleges that the Sumner County Courts are corrupt and make their own laws, including requiring a source hearing when bond is set to $50,000. (*Id.* at 1−2.)

Plaintiff alleges that Andrea Green was "fired from Nashville for foul play and got hired in Sumner County and seems to be out for vengeance." (*Id.*). Plaintiff also believes "it's a racial thing." (*Id.* at 2).

Plaintiff alleges that Officer Jordan Breedlove of the Hendersonville Drug Task Force detained him for two hours to search his vehicle after issuing him a citation. (*Id.* at 1).

Plaintiff alleges that the Sumner County Jail has mold in the showers, mold in the cells that leak, and black worms coming out of the shower drain. (*Id.* at 2).

Plaintiff seeks damages. (*Id.*)

C. Analysis

Plaintiff's claims against each Defendant will be dismissed. The Court will address Plaintiff's claims against each Defendant in turn.

1. Judge D. Gay

Plaintiff suggests that Judge Gay operated outside Tennessee law by requiring a source hearing with respect to his bail. However, judges are immune from suits for damages except in two circumstances: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11−12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff does not allege facts plausibly suggesting that Judge Gay acted outside his judicial capacity or with the complete absence of jurisdiction. The claim against Judge Gay therefore will be dismissed because Judge Gay is immune from Plaintiff's claim for damages.

2. Andrea Green

Plaintiff alleges that Defendant Green, an Assistant District Attorney, "is out for vengeance." (Doc. No. 1 at 1−2). Plaintiff believes her actions are racially motivated. (*Id.* at 2). However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C. §] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 430−31 (1976). This immunity applies even where the Plaintiff alleges racial discrimination by the prosecutor in bringing or pursuing charges. *Holland v. County of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017) ("The district court properly dismissed [the plaintiff's] malicious-prosecution and racial-discrimination claims on the basis of prosecutorial immunity.").

Accordingly, Plaintiff's claim against Defendant Green will be dismissed because she is immune from Plaintiff's claim for damages.

3. Hendersonville Drug Task Force

Plaintiff alleges that an officer with the Hendersonville Drug Task Force searched his vehicle for two hours following a traffic stop and citation. (Doc. No. 1 at 1). He does not allege any other facts about the search. Although "Hendersonville Drug Task Force" plainly is not an entity suable under Section 1983, the City of Hendersonville is, and the Court will (to Plaintiff's benefit) construe this claim as one against the City of Hendersonville.

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60−61 (2011) (citation omitted); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

Here, Plaintiff does not allege facts that plausibly suggest that a City of Hendersonville official policy or widespread practice caused him any constitutional injury. At most, he alleges facts suggesting wrongdoing by an individual officer. Accordingly, his claim against the "Hendersonville Drug Task Force" will be dismissed for failure to state a claim upon which relief may be granted.

4. Sumner County Jail

Plaintiff alleges that showers and some cells in the Sumner County Jail contain mold and that the showers had black worms. (Doc. No. 1 at 2). He does not allege any physical injury from

these conditions. The Sumner County Jail is not an entity subject to suit under Section 1983. *Eldridge v. Tackett*, No. 21-5396, 2021 WL 8155163, at *2 (6th Cir. Sept. 7, 2021). Even construing this claim as one against Sumner County, Plaintiff has failed to state a claim upon which relief may be granted. As explained above, a municipality is liable under Section 1983 only if "action pursuant to official municipal policy," such as "the decisions of a government's lawmakers, the acts of its policymaking officials, [or] practices so persistent and widespread as to practically have the force of law," caused the plaintiff's injury. *Connick*, 563 U.S. at 60−61. Plaintiff does not allege facts from which the Court may infer that a Sumner County official municipal policy caused any alleged constitutional violation. Plaintiff's claim against Sumner County Jail therefore will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED**. His claims against Judge Gay and Andrea Green are dismissed because these Defendants are immune from suit. His claims against the Hendersonville Drug Task Force and Sumner County Jail are dismissed for failure to state a claim upon which relief may be granted. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

Plaintiff's motion for status (Doc. No. 18) is **DENIED** as moot.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE